# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC HESTER | : | |
| Petitioner | : | CIVIL ACTION NO. 3:18-0936 |
| vs. | : | (JUDGE MANNION) |
| KATHY P. LANE | : | |
| Respondent | : | |

## **MEMORANDUM**

Eric Hester, an inmate confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. Hester challenges the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence. (Doc. 1). Specifically, Hester asserts that he was "on state parole when [he] received [his] federal charge" and was "held in state custody til the fed indicted [him]." Id. He claims that he "spent 29 months in federal custody that was [not] credit to either sentence." Id. Thus, Petitioner filed the instant action, in which he seeks credit against his federal sentence for time spent in federal custody. Id.

Because the BOP has computed Hester's sentence in accordance with policy and governing law, the petition will be **DENIED**.

## I. Background

On December 15, 2003, after pleading guilty, Hester was sentenced by the state of Michigan in Case #03-001414-FH-A, to a maximum term of imprisonment of 30 years for violation of MCL Citation Code 333.74012A4 – Delivery of Controlled Substance Less than 50 Grams. (Doc. 4-2 at 7, Amended Judgment of Sentence).

On April 29, 2009, Hester was released on parole by Michigan Department of Corrections on Parole. (Doc. 4-2 at 9, Michigan Department of Corrections – Offenders Movement Report).

On June 18, 2012, Hester was arrested on drug charges. (Doc. 4-2 at 10, Michigan DOC – Time Review & Disposition).

On June 19, 2012, the state of Michigan revoked Hester's parole and he was returned to state custody as a parole violator. Id.

On April 10, 2013, Hester was borrowed into federal custody by the United States Marshals Service on a federal writ of habeas corpus *ad prosequendum*. (Doc. 4-2 at 35, USM-129- Individual Custody/Detention Report).

On September 24, 2015, the United States District Court for the Eastern District of Michigan sentenced Hester in Case #11-CR-20551-39, to a term of imprisonment of 108 months for violating 21 U.S.C. §846 - Conspiracy to Distribute and 21 U.S.C. §841(a)(1) - Possess with Intent to Distribute Controlled Substances, to run concurrent to Michigan Department of

Corrections sentence. (Doc. 4-2 at 37, Judgement in a Criminal Case # 11-CR-2-551-9).

On November 6, 2015, Hester was returned from the writ to the state of Michigan to complete his state violation sentence. (Doc. 4-2 at 35, USM129-Individual Custody/Detention Report).

On February 3, 2016, Hester was taken into exclusive federal custody by the United States Marshals Service via parole to complete his 108-month federal sentence which began to run concurrent with his state sentence on September 24, 2015, the same day it was imposed. (Doc. 4-2 at 45, Michigan Parole Board Order for Parole).

On August 9, 2017, the United States District Court for the Eastern District of Michigan issued an Amended Judgment in Case #11CR20551-39, reducing Hester's term of imprisonment from 108-months to 60-months. (Doc. 4-2 at 46, Amended Judgement in Criminal Case #11-cr-20551-39).

Hester is currently housed in the Detroit Residential Reentry Management Facility, with a projected release date of January 24, 2020. See https://www.bop.gov/inmateloc/.

## II. Discussion

### A. Jurisdiction

It is not the sentencing court which determines if jail time credits should be granted towards a federal sentence, it is the BOP. See United States v.

Wilson, 503 U.S. 329, 333-35 (1992); Edwards v. United States, 41 F.3d 154, 155 (3d Cir. 1994). The proper vehicle for challenging the erroneous determination of sentence credit by the BOP is a petition for relief under 28 U.S.C. §2241 in the district where the defendant is imprisoned. United States v. Smith, 101 F.Supp. 2d 332, 338 (W.D. Pa. 2000); United States v. Donohue, No. 93 CR 422, 1999 WL 690154 (E.D. N.Y. Aug. 28, 1999). Failure by the BOP to implement the sentence imposed by a sentencing court mandates habeas corpus relief under §2241. See Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000); see also Gomori v. Arnold, 533 F.2d 871, 874-75 (3d Cir. 1976)(holding that where prisoner seeking federal habeas corpus relief challenges effect of events "subsequent" to his sentence, habeas corpus remedy is appropriate rather than motion pursuant to 28 U.S.C. §2255). Because Hester is alleging that the BOP has failed to calculate his sentence correctly, he is properly before this court.

### B. Computation of Federal Sentence

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, see, 18 U.S.C. §3585; United States v. Wilson, 503 U.S. 329 (1992), and has delegated that authority to the Director of the Bureau of Prisons under 28 C.F.R. §0.96 (1992). See United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993).

Computation of a federal sentence is governed by 18 U.S.C. §3585, and is comprised of a two-step determination: first, the date on which the federal

4

sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence ("prior custody credit"). Section 3585 states, in pertinent part:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. §3585.

Furthermore, BOP Program Statement 5880.28, Sentence Computation Manual - CCCA, provides that:

> [t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting sentence time. The primary reason for "writ" custody is not the federal charge. The federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody.

It should also be noted that when a federal sentence is imposed on a defendant in state custody, the federal sentence may commence if the

Attorney General agrees to designate the state facility for service of the federal sentence. Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990). However, such a designation is granted only when it is consistent with the intent of the sentencing federal court or with the goals of the criminal justice system. See Bureau of Prisons Program Statement 5160-05, Designation of State Institution for Service of Federal Sentence.

Moreover, federal law provides that, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment," the sentencing judge may certainly order "the terms [to] run concurrently or consecutively." 18 U.S.C. §3584(a). However, unless the court clearly orders them to run concurrently, the default rule is that "[m]ultiple terms of imprisonment imposed at different times run consecutively." Id.

In the instant case, on April 10, 2013, Hester was borrowed from the state pursuant to a federal writ of habeas corpus ad prosequendum. He remained in state custody until September 24, 2015, the date on which his concurrent federal sentence was imposed by the United States District Court for the Eastern District of Michigan. Thus, because Hester's federal sentence was imposed while he was in primary state custody on a state parole violation, the twenty-nine months between April 10, 2013 and September 24, 2015 were credited to his state sentence. Hester cannot receive double credit by also having the time credited to his federal sentence. See 18 U.S.C.

§3585(b); see also United States v. Wilson, 503 U.S. at 337. Simply put, under Section 3585(b), the BOP may not grant presentence credit for time that has been credited against another sentence. Id. Accordingly, Hester's petition for writ of habeas corpus will be denied.

## IV. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DENIED**. A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: November 4, 2019**
18-0936-01